68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Betty STOLL, Appellant,
v.
MISSOURI OSTEOPATHIC FOUNDATION, INC.; ServiceMaster
Company, Appellees.
 No. 95-1562.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 11, 1995.
Filed: Oct. 6, 1995.
 
 Before FAGG, HENLEY, and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Betty Stoll appeals the district court's[1] grant of summary judgment to defendants on her tortious interference with contract claim against defendant ServiceMaster Company and on her age and gender discrimination claim against defendant Missouri Osteopathic Foundation (Still Regional). We affirm.
 
 
 2
 Appellant Stoll was director of housekeeping at Still Regional Health Center from February 1978 to June 1992. On July 1, 1991, Still Regional entered into an agreement with ServiceMaster to supervise various areas of the hospital, including housekeeping. Stoll was placed under the direct supervision of a ServiceMaster employee, though she remained director of housekeeping and an employee of Still Regional. Problems developed between Stoll and her supervisors, and her ability to perform her assigned duties was questioned by ServiceMaster. She received negative annual performance evaluations in July 1991 and June 1992 and received written and verbal warnings for deficient performance in February, May, and June 1992. She was demoted to a housekeeping supervisor position by Still Regional on June 30, 1992.
 
 
 3
 Stoll brought a claim of gender and age discrimination against Still Regional under both Missouri[2] and federal[3] law. The district court granted summary judgment against Stoll because she did not make a showing that Still Regional's reasons for demotion were pretextual. Stoll also brought a tortious interference with contract claim against ServiceMaster, on which the district court granted summary judgment against Stoll.
 
 
 4
 An order granting summary judgment is reviewed de novo. Davenport v. Riverview Gardens Sch. Dist., 30 F.3d 940, 944 (8th Cir.1994). A motion for summary judgment should be granted if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). While a defendant who moves for summary judgment has the burden of showing that there is no genuine issue of fact for trial, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), a plaintiff opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings, but must instead "set forth specific facts showing that there is a genuine issue for trial." Id.
 
 
 5
 Gender discrimination claims are governed by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which established a three- stage analysis to govern such actions. This three-stage analysis has been extended to age discrimination claims. See Gaworski v. ITT Commercial Fin. Corp., 17 F.3d 1104, 1108 n.3 (8th Cir.), cert. denied, 115 S. Ct. 355 (1994). Plaintiff must first make a prima facie case of discrimination. The burden of production then shifts to the employer to show some legitimate, nondiscriminatory reason for the employment action. When the employer gives such a reason, the employee must rebut the inference of nondiscrimination by proving that the proffered reasons for the employment action were mere pretext. Id. at 1108; McDonnell Douglas, 411 U.S. at 802-05.
 
 
 6
 The district court assumed, without holding, that Stoll made out a prima facie case of discrimination. It then found that Still Regional's explanation of poor work performance demonstrated a nondiscriminatory reason for the demotion. The court then determined that "plaintiff has not presented any evidence, beyond her own assertions, that Still's reasons for her demotion were pretext for discrimination," Order, No. 94-4028-CV-C-5, at 8 (W.D.Mo. Jan. 11, 1995), and granted summary judgment for Still Regional.
 
 
 7
 At issue is whether plaintiff, after the employer offers a nondiscriminatory reason for the employment action, must then offer evidence of pretext to avoid summary judgment. We hold that she does. In St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742 (1993), the Supreme Court noted that once an employer has demonstrated a legitimate reason for the employment action, the presumption of discrimination raised by the prima facie case is rebutted. Id. at 2747. With this presumption rebutted, plaintiff "must demonstrate the existence of evidence of some additional facts that would allow a jury to find that the defendant's proffered reason is pretext and that the real reason for its action was intentional discrimination." Krenik v. County of Le Sueur, 47 F.3d 953, 958 (8th Cir.1995) (applying St. Mary's to summary judgment). Where, as here, such a third-stage showing is not made, there is insufficient evidence of intentional discrimination and defendant is entitled to judgment as a matter of law. Id. at 958-59. Thus, the grant of summary judgment was proper.
 
 
 8
 To establish a claim for tortious interference with contract, plaintiff must show: (1) a contract or valid business expectancy, (2) defendant's knowledge of the contract or relationship, (3) a breach induced or caused by defendant's intentional interference, (4) absence of justification, and (5) damages. Nazeri v. Missouri Valley College, 860 S.W.2d 303, 316 (Mo. banc 1993). Plaintiff must "generate substantial evidence supporting each and every element of this cause of action." Green v. Beagle-Chilcutt Painting Co., 726 S.W.2d 344, 352 (Mo.App.1987).
 
 
 9
 The district court properly granted summary judgment on this claim. Stoll argued that ServiceMaster generated negative performance evaluations and sought to increase her duties and job requirements so that she would be forced to fail. Beyond this unsupported allegation, Stoll offers no evidence that could, if believed, support a finding that ServiceMaster caused or induced a breach of contract. Stoll thus has failed to meet her burden imposed by Anderson, supra.
 
 
 10
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri
 
 
 [2]
 Missouri Human Rights Act, Mo. Rev. Stat. Sec. 213.055 (1986)
 
 
 [3]
 Age Discrimination in Employment Act, 29 U.S.C.A. Secs. 621-634 (West 1985 & Supp. 1995); Civil Rights Act of 1964, 42 U.S.C.A. Sec. 2000e-2 (1995)